CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
June 27, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRENESSIDAHSAAN EDMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:24cv308 |
| v. ) | |
| ) | |
| MCDONALD'S USA, LLC, ) | |
| ) | |
| CULLEN MANAGEMENT, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| ERIC CULLEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendants Cullen Management, LLC and Eric Cullen's Rule 12(f) Motion to Strike ("Motion") portions of Plaintiff Trenessidahsaan Edmonds' ("Edmonds") Complaint. ECF No. 11. Specifically, Defendants Cullen Management, LLC and Eric Cullen ("Cullen Defendants") ask the Court to strike Paragraphs 34 through 46 of the Complaint asserting they are immaterial, impertinent, scandalous, and inflammatory under Federal Rule of Civil Procedure 12(f). Edmonds filed a Brief in Opposition to the Motion requesting the Court deny the Motion. ECF No. 23. The Cullen Defendants did not file a Reply Brief. This matter is ripe for decision as the Motion is fully briefed and the parties notified the Court they did not want a hearing on the Motion. Additionally, oral argument would not aid the decisional process.

1

I.       **Background**

On May 19, 2023, Edmonds filed this employment discrimination, harassment and retaliation case against McDonald's USA, LLC and the Cullen Defendants alleging, in part, that she was terminated from her employment at McDonald's based upon her race. ECF No. 1-2.[1]

According to the Complaint, Edmonds is a Black female who was employed as a crew member at the McDonald's restaurant located at 925 E. Main St., Pulaski, Virginia ("Pulaski McDonald's"). *Id*. at 2, 5. Edmonds was employed at the Pulaski McDonald's from April 2017 until she was terminated on September 5, 2020. *Id*. at 5. During her employment, Edmonds alleges she was subjected to racial discrimination, harassment, and retaliation by all Defendants. *Id*. Specifically, Edmonds asserts that customers and coworkers made offensive racial remarks to her and other Black employees and management failed to reprimand or otherwise address this issue with customers or employees. *Id*. at 6. Additionally, Edmonds alleges that she, along with other Black employees at the Pulaski McDonald's, were terminated solely because of their race. *Id*. Edmonds alleges the Defendants' reason for her termination – her failure to remove her Black Lives Matter face mask – was pretextual as she was terminated because of her race. *Id*. at 8.

The Cullen Defendants seek to strike Paragraphs 34 through 46 of the Complaint which include allegations related to McDonald's USA, LLC's 2020 marketing campaign claiming a commitment to Black Lives Matter and the fight against racial injustice after the death of George Floyd and other Black persons killed in acts of violence. ECF No. 12.  The Cullen Defendants contend that these paragraphs are immaterial, impertinent, scandalous, and inflammatory. *Id*.

---

[1] On May 9, 2024, the Cullen Defendants with the consent of McDonald's USA, LLC removed the case from the Circuit Court of Roanoke County, Virginia to the United States District Court for the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. ECF No. 1. The State Court Complaint is Exhibit 2 to the Cullen Defendants' Notice of Removal. ECF No. 1-2.

##   II.   Standard of Review

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial matter is that which has no essential or important relationship to the claim for relief,' and 'impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Lancaster v. Michael Stapleton Assocs.*, Civil Action No. 5:23-cv-00063, 2024 WL 1977175, at *3 (W.D. Va. May 3, 2024) (citing 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure*, § 1382 (3d ed., April 2022 update)). "Scandalous material includes matter that reflects on a party's moral character or detracts from the dignity of the court." *Sturdivant v. Arc of Haywood County, Inc.*, No. 1:18cv123, 2018 WL 2138543, at *1 (W.D.N.C. May 9, 2018); *see also* 5C Wright & Miller § 1382.

"[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the district court." *Iovino v. Michael Stapleton Assocs.*, 600 F. Supp. 3d 610, 618 (W.D. Va 2022) (citing *Smith v. Wash. Post Co.*, 962 F. Supp. 2d 79, 84 (D.D.C. 2013)). Striking a portion of a pleading is considered a "drastic remedy," and, therefore, such motions are "generally viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). However, such motions are proper where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Lancaster*, 2024 WL 1977175, at *3 (citation omitted). The moving party bears a high burden to show that the challenged material is prejudicial. *Iovino*, 600 F. Supp. 3d at 618. (citing *Hardy v. Lewis Gale Med. Ctr.*, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019)); *see also Vance v. Potter*, No. Civ.A. 5:05CV00013, 2006 WL 467981, at *1 (W.D. Va. Feb. 28, 2006). "Any doubt about whether the

3

challenged material should be stricken is resolved in favor of the non-moving party." *Id*. (citation omitted).

### III.   Analysis

The Cullen Defendants request the Court strike Paragraphs 34 through 46 of the Complaint on the grounds that the allegations therein are immaterial and impertinent to Edmonds' claims of racial discrimination, harassment, and retaliation. *Id*., at 3. The Cullen Defendants further contend that the paragraphs related to the deaths of Black persons killed in acts of violence are "scandalous and inflammatory" and serve no purpose other than to refocus the complaint on "provocative racial justice issues rather than on the discrete racial discrimination issues at play." *Id*., at 4–5. The Cullen Defendants argue that Edmonds does not substantively rely on, or even call back to, these paragraphs in support of her claims. *Id*., at 3–4.

Edmonds opposes the Cullen Defendants' Motion claiming the paragraphs at issue are relevant and instructive to her case in demonstrating the Defendants' support of the Black Lives Matter movement as a human rights and social justice matter, rather than a controversial or divisive political message. ECF No. 23, at 7.  Edmonds further claims that the paragraphs provide important context for her claims and pertain to the issues in question. *Id*., at 8. Edmonds claims the paragraphs at issue are "not confused, ambiguous, vague or otherwise unintelligible" and are "not scandalous as they neither reflect cruelly upon the Defendants' moral character, use repulsive language, nor detract from the dignity of the court." *Id*. Lastly, Edmonds claims that Rule 12(f) does not support striking from a pleading on the grounds that the paragraphs are "inflammatory." *Id*., at 6.

First, Edmonds is correct that Federal Rule of Civil Procedure 12(f) does not provide for the striking of material on the grounds that it is "inflammatory." Accordingly, the paragraphs at

4

issue will be considered only on the grounds of whether such allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

After considering the submissions of the parties and the applicable law and given the high standard for granting a motion to strike and the potential relevance of the allegations at issue, the Cullen Defendants' Motion will be denied. I find that Edmonds' allegations regarding McDonald's USA's racial justice advertising campaigns in support of the Black Lives Matter movement and the references to Black individuals killed in acts of violence which are pled as related to the Black Lives Matter movement are potentially relevant in Edmonds' case.

Edmonds' discrimination and retaliation claims are largely centered around her termination from her employment at the Pulaski McDonald's. Edmonds alleges the Defendants' reason for terminating her employment was for wearing and refusing to remove a mask with the phrase, "Black Lives Matter," while on duty at the Pulaski McDonald's. *See* ECF No.1-2, at 7–8. Edmonds alleges that such reasoning is pretextual and that the Defendants terminated her employment because of her race. *Id*., at 8. In response to the Motion, Edmonds claims the allegations at issue support her pretext argument – *i.e.*, that the Defendants believed the Black Lives Matter movement to be a human rights and social justice matter, rather than a controversial political message, and thus such justification for Edmonds' termination is a sham. *See* ECF No. 23, at 7.

In cases where a plaintiff lacks direct evidence of discrimination or retaliation, courts apply the burden-shifting analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] At step three, a plaintiff must rebut the defendant's evidence of a legitimate basis for her

---

[2] There are three steps in the *McDonnell Douglas* framework: (1) the plaintiff must establish a *prima facie* case of discrimination or retaliation; (2) if the plaintiff presents a prima facie case, then the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action; and (3) if the defendant shows such a reason, then the burden shifts to the plaintiff to

5

adverse employment action by demonstrating that the defendant's purported nondiscriminatory or nonretaliatory reasons were not defendant's true reasons but were a pretext for discrimination or retaliation. To show pretext, a plaintiff may show that an employer's proffered reasons for the adverse employment action are "inconsistent over time, false, or based on mistakes of fact." *Sempowich v. Tactile Systems Technology, Inc.*, 19 F.4th 643, 652 (4th Cir. 2021) (citing *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019)). The allegations at issue focus on the Defendants' actions in support of the Black Lives Matter movement beginning in May 2020. Edmonds alleges that a few months later Defendants terminated her employment claiming the reason for her termination was that she wore and refused to remove a facemask with the phrase, "Black Lives Matter" while at work. It follows that Defendants' understanding, belief, or support of the phrase on Edmonds' facemask is arguably relevant to whether Defendants' reason for her termination was false and, thus, pretextual. Accordingly, I do not find such allegations to have no possible relation to the case or to be prejudicial to the Defendants at this stage.

  The Cullen Defendants further claim Edmonds' references to the deaths of Black individuals should be struck as they are unrelated to Edmonds' claims, "serve only to refocus the complaint on provocative racial justice issues rather than on the discrete racial discrimination issues" in the case, and "seek to engender outrage separate and apart from the actual allegations undergirding Plaintiff's claims." ECF No. 12, at 5. I find such allegations are pled to provide context to the phrase, "Black Lives Matter," as well as the Defendants' actions showing support

---

prove that the reason is pretextual. *McDonnell Douglas*, 411 U.S. at 802–04; *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). This framework applies to discrimination and retaliation claims brought under Title VII, § 1981, and the Virginia Human Rights Act ("VHRA"). *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (Title VII and § 1981 employment discrimination and retaliation claims); *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, n.8 (W.D. Va. 2023) (analyzing Title VII and VHRA claims together because the statutes use "substantially identical language").

for the Black Lives Matter movement only a few months before Edmonds' termination. Such allegations do not reflect poorly on the Defendants, nor do they detract from the dignity of the Court.

The Court recognizes that depending upon how discovery unfolds in this case, such allegations may become irrelevant or could detract from the main issues of Edmonds' claims. If so, and if the Cullen Defendants are concerned about the introduction of the Complaint or such allegations at trial, such concerns may be more appropriately addressed in a motion *in limine*. *See Smith v. Jennings et al.*, Case No. 7:22-cv-588, 2024 WL 2869035, at *9 (W.D. Va. June 6, 2024). But at this time, as pled, I find that the factual allegations at issue do not rise to the level of "redundant, immaterial, impertinent, or scandalous matter" required to support a Rule 12(f) motion to strike.

## IV. Conclusion

For the foregoing reasons, the Court will deny the Cullen Defendants' Motion to Strike Paragraphs 34 to 46 of Edmonds' Complaint. An appropriate order will follow.

Entered: June 27, 2024

C. Kailani Memmer
United States Magistrate Judge